Melissa S. Hayward
  Texas State Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/facsimile)

**ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **WEST HOUSTON MEMORY CARE LLC,** | § | **Case No. 19-31485-sgj-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

**APPLICATION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, SUITE 1254, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON MARCH 19, 2021, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

J&M Family Management LLC ("J&M") files this *Application for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1)* (the "Application"). In support of the Application, the J&M respectfully represents the following:

### I.    BACKGROUND

1. On or about July 13, 2012, J&M Family Management LLC (formerly known as TLG Family Management LLC) entered into that certain *Management Agreement* and *Marketing and Accounting Services Agreement* (the "Agreements") with West Houston Memory Care, LLC (the "Debtor") whereby J&M provided management, marketing, and accounting services to the Debtor for its dementia care facility located at 1725 Eldridge Parkway, Houston, Texas (the "Facility"). True and correct copies of the Agreements are attached hereto as Exhibit 1 and incorporated herein.

2. Pursuant to the terms of the *Management Agreement*, the Debtor was obligated to pay management fees to J&M in an amount equal to the greater of $6,197.00 per month (the "Minimum Monthly Management Fee") or 5% of collected revenue for the immediately preceding month. Additionally, J&M must be reimbursed for reasonable expenses incurred in connection with the performance of J&M's obligations under the *Management Agreement*, including compensation of and benefits to employees.

3. Pursuant to the terms of the *Marketing and Accounting Services Agreement*, the Debtor was obligated to pay compensation for marketing and accounting services to J&M in an amount equal to the greater of $2,479.00 per month (the "Minimum Monthly Services Fee") or 2% of collected revenue for the immediately preceding month.

4. On May 2, 2019 (the "Petition Date"), the Debtor and several of its affiliates commenced these Chapter 11 Cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Cases").

5. On November 23, 2020, the Debtor filed a *Motion for Orders (A) Authorizing Sale of Assets Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher and Better Offers, and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases Motion for Order* seeking authorization to sell the Facility and substantially all of the Debtor's remaining assets to McFarlin GP Invest, LP (the "Buyer") and to assume and assign certain executory contracts and unexpired leases to the Buyer.  The Court ultimately approved the sale, and the sale closed at the end of January 2021.  The Agreements were not assumed and assigned to the Buyer, and J&M and the Buyer entered into a new management agreement contemporaneous with the closing of the sale.

6. J&M continued to provide management, marketing, and accounting services to the Debtor after the Petition Date and through the closing of the sale and is currently owed unpaid post-petition management and service fees in the amount of $175,379.84 as detailed on the *Payables Aging Report* attached hereto as Exhibit 2 and incorporated herein.

7. Accordingly, J&M respectfully requests that the Court issue an order allowing J&M an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A) for its unpaid post-petition management and service fees for the period from the Petition Date to January 12, 2021 in the amount of $175,379.84.[1]

## II.    ARGUMENT & AUTHORITY

8. Bankruptcy Code section 503(b)(1)(A) provides that: "After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under § 502(f) of this title, including … the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

---

[1] See In re Amber's Stores, Inc., 193 B.R. 819, 824-25 (Bankr. N.D. Tex. 1996).

9. In the period prior to assumption or rejection, the non-debtor party to an executory contract is required to perform, but the contract is unenforceable as against the debtor until assumption. *See, e.g.*, *NLRB v. Bildisco*, 465 U.S. 513, 532 (1984). Nonetheless, "[i]f the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, **the debtor-in-possession is obligated to pay for the reasonable value of those services**…." *Id.* at 531 (emphasis added).

10. A prima facie case under section 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern.[2]

11. J&M continued to provide services to the Debtor post-petition until the closing of the Sale, which ensured the Facility functioned as a going concern. J&M is therefore entitled to an administrative claim for the unpaid post-petition management, marketing, and accounting services for the period from the Petition Date to the date that the sale closed on January 29, 2021.

### III.    CONCLUSION AND PRAYER

BASED UPON THE FOREGOING, J&M respectfully requests that the Court enter an order: (i) granting J&M an allowed chapter 11 administrative claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in the amount of $175,379.84 for the Debtor's unpaid post-petition management, marketing, and accounting services owed under the Agreements for the period from the Petition Date to January 12, 2021; and (ii) granting J&M such other and further relief to which they may be entitled.

---

[2] *Matter of TransAmerican Natural Gas Corp.*, 978 F.2d 1409 (5th Cir. 1992); *In re Coastal Carriers Corp.*, 128 B.R. 400, 403 (Bankr. D. Md. 1991); *Kimzey v. Premium Casing Equipment, LLC*, Civ. A. No. 16-CV-01490, 2018 WL 1321971, at *4 (W.D. La. March 14, 2018).

DATED: February 23, 2021

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Melissa S. Hayward*
Melissa S. Hayward
Texas State Bar No. 24044908
MHayward@HaywardFirm.com

10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/facsimile)

**ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Application for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1) has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice.

*/s/ Melissa S. Hayward*
Melissa S. Hayward