Melissa S. Hayward
  Texas State Bar No. 24044908
  MHayward@HaywardFirm.com
Todd Headden
  Texas State Bar No. 24096285
  THeadden@HaywardFirm.com
**HAYWARD PLLC**
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/facsimile)

**ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NOTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **WEST HOUSTON MEMORY CARE LLC,** | § | **Case No. 19-31485-sgj-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

## REPLY OF J&M FAMILY MANAGEMENT LLC TO DEBTOR'S OBJECTION TO J&M FAMILY MANAGEMENT LLC'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(b)(1)
[relates to Docket Number 79]

The Court should overrule Debtor's objection (the "Objection") to J&M Family Management LLC's ("J&M") *Application for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1)* (the "Application"). Debtor does not challenge the "actual, necessary costs and expenses" borne by J&M that benefitted Debtor. Instead, now that the Debtor's memory care facility has been sold and J&M is no longer operating the facility for the Debtor, Debtor argues for the first time that J&M should be denied its unpaid fees and expenses incurred over the last 20 months due to vague and non-specific non-monetary alleged breaches of the underlying agreements between Debtor and J&M. The Court should overrule the Objection, grant the Application, and approve the $175,379.84 in unreimbursed fees and expenses due to J&M under the Agreements as an administrative expense claim.

## ARGUMENT

1. J&M seeks an administrative expense claim for its earned fees and reimbursable expense pursuant to both the *Management Agreement* (the "Management Agreement") and the *Marketing and Accounting Services Agreement* (the "Marketing Agreement", and together with the Managing Agreement, the "Agreements"). Notably, Debtor does not challenge the necessity of the services provided by J&M or assert that J&M did not "enhance[] the ability of the debtor-in-possession's business to function as a going concern."[1]

2. Without any detail, evidence, or documentary support, Debtor belatedly claims that J&M: i) may have breached the Agreements and ii) may be requesting fees in excess of the agreed-to cap of 7% of the Debtor's gross revenue. Debtor raises these unfounded objections despite the fact that it sold the facility—while J&M operated it—for approximately $6,500,000 in total consideration, including up to $415,000 in cash to resolve outstanding administrative expenses.[2]

3. It is unclear from the Objection how J&M allegedly breached the Agreements. Debtor asserts that J&M: a) failed to submit approved budgets for expenses and cost; b) failed to manage accounts payable properly; c) sought reimbursement for non-reimbursable expenses; and d) failed to subordinate up to 70% of the management fees while the secured debt is in default. Yet Debtor provides no information regarding these alleged breaches other than conclusory statements. Debtor's Objection chooses the path of obfuscation instead of clarity and wholly fails to demonstrate what reimbursements are not reimbursable or how these alleged unsupported breaches now excuse the Debtor from performing its obligations under the Agreements.

---

1 *See Debtor's Objection ¶10, citing In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1993).

2 *Motion for order (A) Authorizing Sale of Assets Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher and Better Offers, and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases.* [Docket No. 34].

4.      Through its Objection, the Debtor attempts to create issue which, even if true, are now moot, and by challenging J&M's administrative expense claim on the grounds stated in the Objection, the Debtor seeks a remedy that it does not possess under the Agreements—namely to deny earned fees and reimbursable expenses. The Debtor's failure to raise and address these concerns while J&M was actually operating the facility rather than after-the-fact renders the timing of these qualms suspect. Moreover, under the terms of the Agreements, if the Debtor believed that J&M was not managing accounts payable property or not submitting approved budgets while it was managing the facility, the Debtor's remedy was to terminate the Agreements while still owing for any unpaid fee or expenses.[3]  The fact that the Debtor never raised these issues before and only now raises these alleged breaches after it sold the facility and J&M seeks payment speaks volumes.

5.      Debtor cannot belatedly allege that J&M breached the Agreements long after the fact to argue that J&M should not be paid amounts due and owing to it as administrative expenses. Even if Debtor's contentions were true, which J&M asserts they are not, the Debtor's remedy would be to terminate the Agreements, not to withhold duly earned fees and reimbursable expenses.

6.      Next, Debtor alleges that some of the invoiced expenses are *possibly* non-reimbursable. Yet the Debtor does not identify or provide any detail on what expenses are allegedly non-reimbursable under the Agreements. The Objection simply does not meet pleading standards or provide J&M with notice of the defenses being asserted by the Debtor.  Nonetheless, attached as **Exhibit 1** is an amendment to J&M's initial Exhibit 2, which further categorizes the payables as: Fee, Reimbursable Expense, or Payroll.

---

[3] See Article VII of Management Agreement and Article VII of the Marketing and Accounting Services Agreement.

**REPLY OF J&M FAMILY MANAGEMENT TO DEBTOR'S OBJECTION TO APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)**         **PAGE 3 OF 6**

7.      Likewise, Debtor's newly-minted argument that J&M should have subordinated its fees while it was managing the facility wholly lacks merit. Section 4.1 of the Management Agreement provides:

> 4.1    Management Fee. As compensation for services rendered hereunder, on the 15th day of each month, commencing with the month following month in which the Effective Date occurs, Owner shall pay to Manager a fee (the "Management Fee") equal to the greater of $6,197.00 per month (the "Minimum Monthly Fee") or 5% of "Collected Revenue" (as defined in the LLC Agreement referred to below) for the immediately preceding month. Except to the extent deferred, as provided below, the Management Fee will be paid monthly in arrears, commencing with the month following the month in which the Commencement Date occurs. **The Owner may, if and to the extent that Owner determines it necessary to enable Owner to meet its debt service requirements, defer payment of as much as 70% of the Management Fee, and any amount so deferred will be paid (in the amount accrued during the period of deferral and without interest) as soon as Owner has distributable cash flow available for such purpose under the terms of Owner's limited liability company agreement, as amended from time to time** (the "LLC Agreement"). (emphasis added)

8.      The Debtor's subordination argument fails on its face. First, J&M did actually defer management fees as needed while operating the facility. Further, the conditions that would allow the Debtor to defer management fees no longer exist because the Debtor has sold the facility and has "distributable cash flow available" to pay the monthly minimum fees. *See Management Agreement Sec. 4.1*. Moreover, most of the amounts sought by J&M in the Application are not management fees but instead reimbursable expenses, which are not subject to deferment under the Management Agreement.

9.      Debtor further argues that it has not verified the amounts sought by J&M as being properly owed under the Agreements.[4] The Debtor has had ample time to analyze the Agreements to "verify" whether the amounts are properly owed, and the Debtor's failure to "verify" the

---

4 *Debtor's Objection ¶ 8.*

**REPLY OF J&M FAMILY MANAGEMENT TO DEBTOR'S OBJECTION TO APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)**     **PAGE 4 OF 6**

amounts claimed by J&M is not a proper objection to further delay the payment of fees and expenses that went unpaid during the pendency of the bankruptcy case.

10. Lastly, the Debtor misconstrues the terms of the Agreements in arguing that the amounts sought "might" exceed the 7% cap of Debtor's gross revenues. The cap referenced by the Debtor does not apply to reimbursable expenses but instead to Management Fees (5%)[5] and Marketing and Accounting Fee Services Fee (2%). The Management Fees payable to J&M equal the greater of $6,197 per month or 5% of the Collected Revenue from the preceding month, and the Debtor is obligated to pay Marketing Fees equal to the greater of $2,479 or 2% of Collected Revenue from the preceding month. The Objection fails to differentiate between fees and reimbursable expenses, which are in addition to the 7% fees. Despite the error inherent in the Objection and the lack of any substance behind the challenge, attached hereto as **Exhibit 2** is a summation of the monthly billed fees and total income with the calculated Management Fees and Marketing and Accounting Fees. To be blunt, J&M neither seeks nor received Management Fees and Marketing Fees greater than the amounts to which it is entitled under the Agreements.

11. In all, Debtor's Objection to J&M's Application lacks any specificity or basis in controlling law. Debtor does not argue that the administrative expenses incurred by J&M were not actual necessary expenses that preserved the estate or that the services provided impaired the Debtor's ability to function as a going concern. Instead, the Debtor raises misplaced vague objections wholly lacking in foundation and that are in part based upon incomplete readings of the underlying Agreements. For those reasons, the Court should overrule Debtor's Objection and grant the Application in its entirety.

---

[5] See Sec. 4.1 of Management Agreement of Ex. 1 to the Application.

DATED: April 1, 2021

        Respectfully submitted,

        **HAYWARD PLLC**

        By: */s/ Melissa S. Hayward*
        Melissa S. Hayward
        Texas State Bar No. 24044908
        MHayward@HaywardFirm.com
        Todd Headden
        Texas State Bar No. 24096285
        THeadden@HaywardFirm.com
        10501 N. Central Expy., Suite 106
        Dallas, Texas 75231
        972.755.7100 (phone/facsimile)

        **ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Application for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1) has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice.

        */s/ Melissa S. Hayward*
        Melissa S. Hayward