

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed April 29, 2021**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter No.: 11** |
| | § | |
| **West Houston Memory Care, LLC**[1] | § | **Case No. 19-31485-sgj-11** |
| | § | |
| **Debtor.** | § | |

### ORDER GRANTING REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF DONLIN, RECANO & COMPANY, INC.

Came on for consideration, the *Request For Payment Of Administrative Expense Claim Of Donlin, Recano & Company, Inc.* (the "Application") filed by Donlin, Recano & Company, Inc. ("DRC"), claims and noticing agent to West Houston Memory, LLC, (the "Debtor") in the above-captioned case. Upon considering the Application, the representations of counsel, and all matters on file, the Court finds and concludes that the fees and expenses set forth in the Application are reasonable and necessary and good cause exists for the allowance thereof. It appearing that all necessary parties were served with notice of the Application, that no further notice need be given, the Court noting that no objection or responsive pleading was filed, and that cause exists to approve the

---

[1] **Last four EIN 2760.**

**ORDER GRANTING APPLICATION OF DONLIN, RECANO & COMPANY, INC. FOR ALLOWANCE OF COMPENSATION– PAGE – 1**

Application and authorize payment of the requested compensation and reimbursement of expenses set forth in the Application. Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and has the authority to enter this Order allowing fees and expenses pursuant to 28 U.S.C. § 157(b) and 11 U.S.C. §§ 330 and 331.

2. Notice of the Application and the objection deadline were proper and provided to all parties entitled thereto and no further notice need be given.

3. The fees requested in the Application are reasonable and necessary as contemplated and required by 11 U.S.C. §§ 330 and 331.

4. The Application is hereby **GRANTED** and **APPROVED** on a **FINAL** basis, as set forth herein.

5. DRC shall be and hereby is allowed fees for the Application Period as follows: compensation for services rendered in the amount of **$36,555.42** compromising: (i) **$10,536.17** for claims agent/noticing services rendered during August, 2020; (ii) **$7,666.91** for claims agent/noticing services rendered during September, 2020; (iii) **$5,408.98** for claims agent/noticing services rendered during October, 2020; (iv) **$4,873.54** for claims agent/noticing services rendered during November, 2020; and (v) **$8,069.82** for claims agent/noticing services rendered during December, 2020. DRC also asserted an unliquidated claim for fees and expenses incurred in connection with services rendered after December 31, 2020 (collectively, the "Allowed Claim").

6. The Debtor is hereby ordered and directed to pay DRC its Allowed Claim, which is **$36,555.42**, within ten (10) days of entry of this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

### ### END OF ORDER ###

Roland Tomforde, COO
Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, NY  11219
Telephone: (212) 481-1411
Facsimile: (212) 481-1416
email: rtomforde@donlinrecano.com

**ORDER GRANTING APPLICATION OF DONLIN, RECANO & COMPANY, INC. FOR ALLOWANCE OF COMPENSATION– PAGE – 3**