Melissa S. Hayward
  Texas State Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/facsimile)

**ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **WEST HOUSTON MEMORY CARE LLC,** | § | **Case No. 19-31485-sgj-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

**LIMITED OBJECTION TO FEE APPLICATIONS OF CROWE & DUNLEVY, P.C. & HARNEY MANAGEMENT PARTNERS, LLC**

COMES NOW J&M Family Management LLC ("JMFM") and files this Limited Objection to the supplemental applications (the "Supplemental Applications") for compensation and expenses filed by Crowe & Dunlevy, P.C. ("Crowe & Dunlevy") (Docket No. 124) and Harney Management Partners, LLC ("Harney") (Docket No. 125). JMFM objects to the form of the orders which directs West Houston Memory Care to pay the claims within 10 days of the entry of the order and ignores the outstanding and unpaid administrative expense awarded to JMFM for $44,743.28. The estate is administratively insolvent, and the pending motions and orders do not reflect that reality or address how the allowed and applied for administrative fees will be divided. For that reason, JMFM objects to the relief sought.

## I.    BACKGROUND

1.    On August 13, 2021, this Court held a trial for JMFM's *Application for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)* (Docket No. 77). At

the conclusion of hearing, the Court awarded JMFM an administrative expense claim of $44,743.28 and an order was entered. (Docket No. 113).

2.      Debtor filed the August, September, and October Monthly Operating Reports without including any reference to the Administrative Expense Claim that was awarded to JMFM. See Dockets 120, 122, & 123. Debtor identified $0 administrative expenses in Part 2f for post-petition payables in the August MOR. (Docket No. 120). Except for including the United States Trustee fees in October's MOR, Debtor made no changes to the MORs from July onwards. Per the October MOR, the Debtor has $94,341 cash on hand.

3.      Crowe & Dunlevy and Harney filed their supplemental applications on December 6, 2021 seeking compensation of $73,996.46 and $5,765, respectively. In total, the Supplemental Applications seek compensation of $79,761.46.

4.      In the Supplemental Applications, neither Crowe & Dunlevy nor Harney include JMFM in their list of Administrative Claimants in the case. *See Fee Application Summary,* Part VII. (Docket No. 124, page 16 of 46 and Docket No. 125, page 14 of 17.)[1]

5.      In the proposed orders, both Crowe & Dunlevy and Harney include a directive from this Court for the Debtor to pay the allowed claim withing 10 days of the entry of the order. (See Docket No. 124-1 & Docket No. 125-1.)

## II.      ARGUMENT

6.      This Court should amend the Orders to direct the Debtor to pay the allowed administrative claims on a pro-rata basis after a review of the Supplemental Applications and any revisions to the fees it awards in the Supplemental Applications, if any. The Court already allowed

---

[1] There is a certain amount of irony in this omission since Crowe & Dunlevy seeks $51,775 in fees for defending JMFM's application for administrative expenses. See Crowe & Dunlevy's Application ¶18.

JMFM's administrative claim of $44,743.28; the Supplemental Applications seek an additional $79,761.46 in administrative fees and expenses. If the Court grants the Supplemental Applications in full, the allowed administrative fees would then total $124,504.74 and exceed the cash on hand of $94,341. If the Debtor complied with the proposed orders and paid Crowe & Dunlevy and Harney the $79,761.46 in administrative fees as requested, the estate would have only $14,500 to pay the remaining expenses, including JMFM's allowed administrative fee. Such a result is inequitable- allowed administrative fees should be paid on a pro-rata basis.

7.      The undersigned counsel conferred with counsel for the Debtor upon reviewing the Supplemental Applications and was informed that Debtor intends to pay the administrative claims on a pro-rata basis. This Limited Objection is filed to protect that understanding in the form of a clarified order directing the payment of all administrative claims on a pro-rata basis.

Dated: December 27, 2021

Respectfully submitted,

By: _/s/ Todd Headden_
       Todd Headen
         Texas State Bar No. 24096285
         THeadden@HaywardFirm.com

**HAYWARD PLLC**
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/facsimile)

**ATTORNEYS FOR J&M FAMILY MANAGEMENT LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served electronically via the Court's CM/ECF system upon the parties receiving electronic notice.


/s/ *Todd Headden*
Todd Headden